**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER HERRERA VEGA, | No. 15-72194 |
| Petitioner, | Agency No. A200-090-093 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Francisco Javier Herrera Vega, native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Herrera Vega failed to demonstrate a nexus between the harm he experienced or fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (political opinion claim failed where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, his withholding of removal claim fails.

We lack jurisdiction to consider the particular social groups raised for the first time in Herrera Vega's opening brief because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Herrera Vega failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (no likelihood of torture).

We reject Herrera Vega's contention that the agency erred in its analysis of his claims as unsupported by the record.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-72194